IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEPHANIE H.,[1]

        Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,[2]

        Defendant.

Case No. 6:20-cv-00525-CL

**OPINION AND ORDER**

**CLARKE, U.S. Magistrate Judge.**

Stephanie H. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party.

[2] Kilolo Kijakazi became the acting Commissioner of the Social Security Administration on or about July 9, 2021 and is substituted for Andrew Saul as the defendant. *See* FED. R. CIV. P. 25(d)(1).

PAGE 1 – OPINION AND ORDER

magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons explained below, the Court reverses the Commissioner's decision.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "not supported by substantial evidence or based on legal error." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "may not substitute [its] judgment for the [Commissioner's]." *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Plaintiff filed her application for DIB on October 27, 2016, alleging a disability onset date of November 5, 2015, due to neck and back problems and degenerative disc disease. (Tr. 75, 220, 239.) Her claim was denied initially and upon reconsideration, and she requested a hearing. (Tr. 154, 160.) An administrative hearing was held on November 14, 2018. (Tr. 87-122.) In a

PAGE 2 – OPINION AND ORDER

written decision dated January 30, 2019, an administrative law judge (ALJ) denied Plaintiff's application for benefits. (Tr. 75-82.) The Appeals Council denied Plaintiff's request for review on January 30, 2020, making the ALJ's written decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff now seeks judicial review.

## II.    THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954.

PAGE 3 – OPINION AND ORDER

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 75-82.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since November 5, 2015, the alleged onset date. (Tr. 77.) At step two, the ALJ determined that Plaintiff suffered from the severe impairments of degenerative disc disease, status post-surgery, and ongoing abnormal curvature of the cervical spine. (Tr. 78.) The At step three, the ALJ concluded that Plaintiff did not have an impairment that meets or medically equals a listed impairment. (*Id.*)

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") and determined that Plaintiff retained the ability to perform sedentary work, subject to the following limitations:

> [Plaintiff] can occasionally climb ladders, ropes, or scaffolds and can occasionally crawl; [she] can occasionally reach overhead bilaterally; can occasionally feel bilaterally; can occasionally twist, turn, and bend at the neck; and can tolerate no exposure to workplace hazards, such as unprotected heights and exposed, moving machinery.

(Tr. 79.)

At step four, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work as a gold course ranger and recreational supervisor. (Tr. 81.) At step five, the ALJ determined that Plaintiff retained the ability to perform a jobs existing in significant numbers in the national economy, including charge account clerk, call out operator, and survey worker. (Tr. 82.) The ALJ therefore concluded that Plaintiff was not disabled. (*Id.*)

## DISCUSSION

Plaintiff argues that the ALJ's RFC was not supported by substantial evidence because he improperly rejected the medical opinion of Paavani Atluri, M.D.

## I. MEDICAL OPINION EVIDENCE

PAGE 4 – OPINION AND ORDER

A.     Applicable Law[3]

"There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (citation omitted). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" *Id.* (quoting *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002)). "An ALJ may only reject a treating physician's contradicted opinions by providing 'specific and legitimate reasons that are supported by substantial evidence [in the record].'" *Ghanim*, 763 F.3d at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (quoting *Reddick*, 157 F.3d at 725). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citation omitted).

---

[3] The new regulations that govern how ALJs must evaluate medical opinion evidence do not apply here because Plaintiff filed his applications before March 27, 2017. *See generally Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *3 (D. Or. Mar. 3, 2021) (addressing the new regulations that apply to Social Security applications filed on or after March 27, 2017).

PAGE 5 – OPINION AND ORDER

B.   Analysis

Plaintiff argues that the ALJ improperly rejected the medical opinion of treating physician Paavani Atluri, M.D. On February 12, 2016, Dr. Atluri ordered an x-ray of Plaintiff's cervical spine. (Tr. 331.) On March 28, Dr. Atluri noted that he reviewed Plaintiff's x-ray results, which showed grade 1 spondylolisthesis at C3 and C4 and narrowing of C5-C6 disc space. (Tr. 331.) Dr. Atluri also noted that Plaintiff's thoracic spine showed mild curvature, and advised Plaintiff to try physical therapy for 6-8 weeks. (*Id.*) On June 30, 2016, Plaintiff informed Dr. Atluri that she had completed physical therapy and that her neck pain had worsened, with bilateral radiculopathy. (Tr. 321.) Dr. Atluri referred Plaintiff to the Neurospine Institute and for MRI. (Tr. 321.) Plaintiff followed up with Dr. Atluri on November 18, 2016, and Dr. Atluri noted Plaintiff's MRI results and that she was following up with another provider for neck pain. (Tr. 303-04, 317.) Dr. Atluri also completed a physical assessment of Plaintiff on November 18, 2016, and indicated that in a typical workday Plaintiff would need unscheduled breaks "every hour" for "10-60 minutes" at a time. (Tr. 314.) Dr. Atluri also indicated that Plaintiff would be absent from work "more than four times a month." (Tr. 315.)

The ALJ rejected Dr. Atluri's opinion. (Tr. 80.) First, he found that Dr. Atluri had unduly relied on Plaintiff's self-reported symptoms. In the Ninth Circuit, if a treatment provider's opinions "are based to a large extent on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, while Plaintiff does not contest the ALJ's rejection of her subjective testimony, Dr. Atluri's opinion cited multiple imaging studies and medical records, as detailed above. (Tr. 314-17.) In his written opinion, the ALJ noted that Dr. Atluri assessed Plaintiff's functional limitations "as per patient's

PAGE 6 – OPINION AND ORDER

presentation," and inferred that Dr. Atluri therefore formed his opinion based on Plaintiff's self-reported limitations. (Tr. 80). Yet Dr. Atluri's treatment notes reveal that he clearly consulted imaging reports in formulating his opinion. (Tr. 314-20.) On this record, it was not reasonable for the ALJ to find that Dr. Atluri's opinion was "based to a large extent" on Plaintiff's self-reports; for this reason, the ALJ's first reason for rejecting Dr. Atluri's opinion is not support by substantial evidence. *Ghanim*, 763 F.3d at 1162.

As a second reason for rejecting Dr. Atluri's opinion, the ALJ noted that Dr. Atluri had a short treatment relationship with Plaintiff. (Tr. 80.) The ALJ is entitled to consider the length of the treatment relationship and frequency of examination in determining how much weight to give to a treating source's medical opinion. 20 C.F.R. 404.1527(c)(2)(i). Here, Dr. Atluri met with Plaintiff in person and conducted physical examinations in March and November of 2016, spoke with Plaintiff on the telephone, and again saw Plaintiff in November 2017 and April 2018. (Tr. 398-402, 402-14.) On this record, Dr. Atluri had established a treatment relationship with Plaintiff by the time he rendered an opinion as to her functional limitations; therefore, the length of the treatment relationship does not weigh in favor of the ALJ's determination.

Finally, the ALJ noted that Dr. Atluri's opinion pre-dated Plaintiff's spinal surgery, which, the ALJ speculated, "would be expected to improve her symptoms." (Tr. 80.) Plaintiff underwent spine surgery in 2017. Thus, Dr. Atluri's 2016 opinion was not informed by any changes to Plaintiff's condition following her spine surgery. In formulating Plaintiff's RFC, however, the ALJ relied upon other medical evidence in the record that also predated Plaintiff's spine surgery. (Tr. 80.) Further, Plaintiff reported posterior neck pain to her surgeon two weeks following her surgery in 2017. (Tr. 368.) On December 29, 2017, Plaintiff saw Dr. Atluri and complained of further neck pain and tingling in her fingertips. (Tr. 407.) Dr. Atluri's physical

examination revealed a decreased range of motion of Plaintiffs neck and opined that Plaintiff required physical therapy. (Tr. 409.) Plaintiff again saw Dr. Atluri in January 2018 and April 2018, each time complaining of pain. (Tr. 398, 402.) On this record, the ALJ's speculation that Plaintiff's surgery "would ... improve her symptoms" is not supported by the record; accordingly, it does not constitute a legally sufficient reason to reject Dr. Atluri's opinion. For these reasons, the ALJ's opinion is not supported by substantial evidence and is reversed.

## III. REMAND

Because the court finds that the ALJ committed harmful error in his evaluation of the medical evidence, remand is appropriate. "Generally when a court of appeals reverses an administrative determination, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002)). Here, a remand for further proceedings is appropriate. As explained above, the ALJ failed to provide legally sufficient reasons supported by substantial evidence for rejecting Dr. Atluri's opinion. However, as the ALJ noted, Dr. Atluri's opinion as to Plaintiff's functional limitations was rendered prior to Plaintiff's spine surgery; therefore, further administrative proceedings would serve the useful purpose of assessing the evidence of Plaintiff's functioning following surgery. On remand, the ALJ should be given the opportunity to reassess the medical evidence of Plaintiff's functioning after recovery from surgery, formulate Plaintiff's RFC, and take new testimony from a vocational expert, if appropriate.

## CONCLUSION

Based on the foregoing reasons, the Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

DATED this  3  day of August, 2022.

HON. MARK D. CLARKE
United States Magistrate Judge

PAGE 9 – OPINION AND ORDER